**AKERMAN LLP**
JUSTIN D. BALSER (SBN 213478)
Email: justin.balser@akerman.com
CHRISTOPHER R. FREDRICH (SBN 266471)
Email: christopher.fredrich@akerman.com
725 South Figueroa Street, 38th Floor
Los Angeles, California 90017-5433
Telephone: (213) 688-9500
Facsimile: (213) 627-6342

**AKERMAN LLP**
DENNIS N. LUECK, JR. (SBN 292414)
Email: dennis.lueck@akerman.com
1400 Wewatta Street, Suite 500
Denver, CO 80202
Telephone: (303) 260-7712
Facsimile: (303) 260-7714

Attorneys for Defendant
NAVIENT SOLUTIONS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| YVONNE GLEASON,<br><br>Plaintiffs,<br><br>v.<br><br>NAVIENT SOLUTIONS, INC., and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.<br><br>**NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT BASED ON FEDERAL QUESTION JURISDICTION**<br><br>[28 U.S.C. §§ 1331]<br><br>[Riverside County Superior Court Case No. RIC1513066]<br><br>Complaint Filed: October 29, 2015<br>Trial Date:       None |

**TO THE COURT, ALL PARTIES, AND TO THEIR COUNSEL OF RECORD:**

Defendant Navient Solutions, Inc. (**NSI**), pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, hereby removes this action from the Riverside County Superior Court to the United States District Court for the Central District of California, and states as follows:

## I. STATEMENT OF THE CASE

1. On October 29, 2015, plaintiff Yvonne Gleason (**Plaintiff**) commenced an action in Riverside County Superior Court, styled *Yvonne Gleason v. Navient Solutions, Inc.,* Case No. RIC1513066 (**State Court Action**). A copy of the complaint in the State Court Action is attached hereto as part of **Exhibit 1**.

2. Plaintiff asserts three causes of action, which she characterizes as follows: (1) Violation of Fair Credit Reporting Act (15 U.S.C. § 1681b); (2) Violation of the California Consumer Credit Reporting Agency Act (*Cal. Civ. Code* § 1785.1); and (3) Violation of the Rosenthal Fair Debt Collection Practices Act (*Cal. Civ. Code* § 1788).

## II. BASIS FOR REMOVAL: FEDERAL QUESTION JURISDICTION

3. District courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. This Court has jurisdiction over this matter under 28 U.S.C. § 1331 because Plaintiff's claims arise under the laws of the United States.

4. A case "arises under" federal law if the complaint establishes "either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Proctor v. Vishay Intertechnology, Inc.*, 584 F.3d 1208, 1219 (9th Cir. 2009) (citations omitted).

5. Plaintiff's complaint relies on federal law—namely, the federal Fair Credit Reporting Act (**FCRA**), 15 U.S.C. § 1681 *et seq.* (*See* Comp. ¶¶13-17.) Plaintiff claims NSI violated the FCRA by obtaining Plaintiff's credit report without a "permissible purpose" under 15 U.S.C. § 1681(b). (*Id.* ¶15.) Adjudication of the complaint thus requires an analysis and construction of the FCRA to determine whether Plaintiff is entitled to damages as alleged. Removal under 28 U.S.C. § 1331 is proper.

6. This Court has supplemental jurisdiction over Plaintiff's remaining state law claims because they "form part of the same case or controversy." 28 U.S.C. § 1367(a). A state law claim is part of the same case or controversy if it shares a "common nucleus of operative fact" with the federal claim, and if they would normally

be tried together. *See e.g., Trustees of the Constr. Indus. & Laborers Health & Welfare Trust v. Desert Valley Landscape Maint., Inc.*, 333 F.3d 923, 925 (9th Cir. 2003).

7. The facts related to Plaintiff's state law causes of action are intertwined with and based upon Plaintiff's allegations NSI improperly obtained Plaintiff's credit report. (*See* Comp. ¶¶20, 26.) The Court should therefore extend supplemental jurisdiction over all of Plaintiff's state law claims.

### III.   ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

8. Removal of this action is timely. NSI was served with a copy of the complaint on November 10, 2015. NSI removes this action within thirty days of service.

9. This Court is the appropriate forum for removal. Plaintiff filed the State Court Action in Riverside County Superior Court. The United States District Court for the Central District of California, Eastern Division, is the federal judicial division embracing Riverside County, California.

10. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all of the process, pleadings, and orders on file in the State Court Action are attached hereto as **Exhibit 1**.

11. Written notice of the filing of this notice of removal will be given to Plaintiff.

12. A copy of this notice will be promptly filed with the Clerk of the Superior Court of Riverside County.

### IV.   CONCLUSION

By this notice of removal and its attachments, NSI does not waive any objections it may have as to service, jurisdiction or venue, or any other defenses or objections it may have to this action. NSI intends no admission of fact, law or liability by this notice, and expressly reserves all defenses, motions and/or pleas. NSI prays that the

State Court Action be removed to this Court, that all further proceedings in the State Court Action be stayed, and that NSI receive all additional relief to which it is entitled.

Dated: December 10, 2015                    Respectfully submitted,

                                            AKERMAN LLP


                                            By: */s/ Dennis N. Lueck, Jr.*
                                                Justin D. Balser
                                                Dennis N. Lueck, Jr.
                                                Christopher R. Fredrich
                                            Attorneys for Defendant
                                            NAVIENT SOLUTIONS, INC.

# PROOF OF SERVICE

I am employed in the City and County of Denver, State of Colorado. I am over the age of 18 and not a party to the within action. My business address is 1400 Wewatta Street, Suite 500, Denver, Colorado 80202.

On **December 10, 2015**, I served the following documents by placing a true copy thereof in a sealed envelope(s) on the persons below as follows:

**NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT BASED ON FEDERAL QUESTION JURISDICTION**

L. Paul Mankin, Esq.
The Law Office of L. Paul Mankin
8730 Wilshire Blvd., Ste. 310
Beverly Hills, CA 90211
Telephone: (800) 219-3577
Facsimile: (323) 207-3885
*Attorneys for Plaintiff*

☐ (MAIL) I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Denver, Colorado.

☒ (OVERNIGHT DELIVERY) I deposited in a box or other facility regularly maintained by Federal Express, an express service carrier, or delivered to a courier or driver authorized by said express service carrier to receive documents, a true copy of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed as stated above, with fees for overnight delivery paid or provided for.

☐ (MESSENGER SERVICE) I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed and provided them to a professional messenger service for service. A separate Personal Proof of Service provided by the professional messenger service will be filed under separate cover.

☐ (FACSIMILE) I faxed the documents to the persons at the fax numbers listed. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

☐ (E-MAIL or ELECTRONIC TRANSMISSION) Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ (CM/ECF Electronic Filing) I caused the above document(s) to be transmitted to the office(s) of the addressee(s) listed above by electronic mail at the e-mail address(es) set forth above pursuant to Fed.R.Civ.P.5(d)(1). "A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing. The NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof of service as required by Fed.R.Civ.P.5(d)(1). A copy of the NEF shall be attached to any document served in the traditional manner upon any party appearing pro se."

I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction this service was made and that the foregoing is true and correct.

☐ (State)   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ (Federal)   I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on **December 10, 2015**, at Denver, Colorado.

| Nick Mangels | _____ |
|---|---|
| (Type or print name) | (Signature) |

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342